HUTCHISON & STEFFEN
Brenoch Wirthlin, Esq. – Bar No. 10282
Scot Shirley, Esq. – Bar No. 15326
10080 W. Alta Dr., Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086
Email:  bwirthlin@hutchlegal.com
Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>    WILD WEST MATTRESS COMPANY, LLC,<br><br><br>Debtors. | Bankruptcy Case No. 21-50047-BTB<br><br>Chapter 7<br><br>**MOTION TO DISMISS** |

    Debtor Wild West Mattress Company, LLC ("Debtor"), by and through undersigned

counsel, hereby moves this Court for an order dismissing the Debtor's pending voluntary Chapter

7 Bankruptcy Case.  This Motion is brought pursuant to and based upon 11 USC § 707, the

following memorandum of points and authorities, any argument the Court entertains at a hearing

on this matter, and all papers and pleadings on file herein.

    Dated this 30th day of March, 2020.

                    HUTCHISON & STEFFEN, PLLC


                    By: */s/ Brenoch Wirthlin, Esq.*
                        Brenoch Wirthlin, Esq. (NV Bar No. 10282)
                        10080 W. Alta Dr., Suite 200
                        Las Vegas, Nevada 89145
                        Telephone: (702) 385-2500
                        Facsimile: (702) 385-2086
                        Email:  bwirthlin@hutchlegal.com
                        Attorneys for Debtor

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF FACTS

1.      Debtor filed the instant Chapter 7 voluntary petition on January 20, 2021 (Document 1), commencing case no. 21-50047-BTB ("Bankruptcy Case").

2.      The Debtor has no assets, a single creditor, and no income.  *See* Schedules A – H (Documents 12-20) and Voluntary Petition (Document 1).

### II.   ARGUMENT

#### A.   Dismissal of the Bankruptcy Case is warranted pursuant to 11 USC § 707.

Section 707(a) of the Bankruptcy Code provides as follows:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including--

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees or charges required under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

11 U.S.C.A. § 707 (West).

The debtor may have the right to voluntarily dismiss her chapter 7 case under § 707(a), but that right is not absolute. *Bartee v. Ainsworth (In re Bartee)*, 317 B.R. 362, 366 (9th Cir. BAP 2004).  Instead, the "debtor must [still] establish cause to obtain dismissal." *Id*. On this issue of cause, "[t]he law in the Ninth Circuit is clear: a voluntary Chapter 7 debtor is entitled to dismissal of his [or her] case so long as such dismissal will cause no 'legal prejudice' to interested parties." *Leach v. United States (In re Leach)*, 130 B.R. 855, 857 (9th Cir. BAP 1991) *(citing Schroeder v. Int'l Airport Inn P'ship (In re Int'l Airport Inn P'ship)*, 517 F.2d 510, 512 (9th Cir.1975) (per curiam) (Bankruptcy Act case); *Gill v. Hall (In re Hall)*, 15 B.R. 913, 917 (9th Cir. BAP 1981)). In the case of *In re Matter of International Inn Partnership*, the 9th Circuit Court of Appeals created a test for voluntary dismissals by holding that "unless dismissal will cause some plain legal

prejudice to the creditors, it normally will be proper." *In re Hall*, 15 B.R. 913, 917 (B.A.P. 9th Cir. 1981) (citation omitted).

Here dismissal is warranted under the applicable standard. The Debtor believes that it can resolve its financial affairs with creditors without the aid of proceedings under the Bankruptcy Code, and that the best interests of the Debtor and its creditors are served by dismissal of the Bankruptcy Case. As noted above, the Debtor has no assets, a single creditor, and no income. *See* Schedules A – H (Documents 12-20) and Voluntary Petition (Document 1). No creditor or other party has appeared in this matter. Accordingly, the dismissal will not cause legal prejudice to any interested parties.

## III. CONCLUSION

For all these reasons, the Debtor respectfully requests that this Court enter an order dismissing the instant Bankruptcy Case, and grant such other and further relief as the Court deems appropriate.

Dated this 30th day of March, 2020.

HUTCHISON & STEFFEN, PLLC

By: */s/ Brenoch Wirthlin, Esq.*
Brenoch Wirthlin, Esq. (10282)
10080 W. Alta Dr., Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086
Email: bwirthlin@hutchlegal.com
Attorneys for Debtor

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I am an employee of Hutchison & Steffen, and that on the 30th day of March, 2021, I caused to be served a true and correct copy of **MOTION TO DISMISS** in the following manner:

(ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

*/s/Danielle Kelley*
An Employee of Hutchison & Steffen